# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20333
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ISAIAS REYNA-REYNA, also known as Isaias Reyna Reyna,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-580-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Isaias Reyna-Reyna, a citizen of Mexico, appeals the sentence imposed following his pleading guilty to, and conviction for, illegally reentering the United States after having been deported following a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1).

Reyna was deported in 1996 following his Texas first-degree-felony charge for marijuana possession, but illegally returned to the United States in

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-20333

1997.  He was most recently deported in 2003.  He again unlawfully returned to the United States in 2004, however, and in 2013 was convicted of marijuana possession in Texas state court and sentenced to three-years' imprisonment. While in the custody of Texas law enforcement, Reyna was charged with the immigration crime at issue here.

In 2015, he entered his guilty plea, without a plea agreement, and was transferred into federal custody.  His advisory Sentencing Guidelines range was calculated to be 15 to 21 months' imprisonment; but the district court varied upward, sentencing him to, *inter alia*, 71 months of imprisonment.

Reyna contends the court committed procedural error by varying upward based on the sentence imposed for his prior illegal-reentry conviction, and by failing to consider all the 18 U.S.C. § 3553(a) factors.  He also challenges the substantive reasonableness of his sentence.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id*. at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

A court commits procedural error if it does not consider the applicable Guidelines range and all of the § 3553(a) factors, but the court is not required to recite each factor and explain its applicability.  *United States v. Diehl*, 775

F.3d 714, 723 (5th Cir. 2015).    For the following reasons, there was no procedural error.

The record reflects the court calculated the applicable Guidelines range, and considered Reyna's contentions for a lesser sentence.    The court also explained extensively how the sentence accounted for several § 3553(a) factors, including the nature and circumstances of the offense; Reyna's age, health, criminal history, and other characteristics; and the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes by Reyna.    The court explicitly considered the applicable Guidelines range, the Guidelines amendments since the time of Reyna's prior illegal-reentry conviction in 1998, and the need to provide adequate deterrence given Reyna's being undeterred from further criminal conduct by the 71-month sentence he received for his prior illegal-reentry conviction.

As another basis for claimed procedural error, Reyna contends his sentence implicated an unwarranted sentencing disparity.    This contention, even assuming it was preserved in the district court, is unavailing because Reyna makes only general assertions about the Guidelines ranges of other defendants and does not provide specific examples of sentences of similarly-situated defendants.    *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006).

As the final basis for claimed procedural error, Reyna asserts the court erred in speculating Reyna had been involved with drugs beyond marijuana. The court's finding Reyna had a history of dealing in "at least" marijuana is not clearly erroneous, as the record reflects his two prior state marijuana convictions.

No. 16-20333

Regarding substantive reasonableness, "[a] non-Guidelines sentence unreasonably fails to reflect the statutory sentencing factors set forth in § 3553(a) where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *Id.* at 724. As noted earlier, the court listened to Reyna's contentions for a lesser sentence, considered the applicable Guidelines range and the § 3553(a) factors, and provided extensive reasons supporting an above-Guidelines sentence.

"[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). "Even a significant variance from the Guidelines does not constitute an abuse of discretion if it is commensurate with the individualized, case-specific reasons provided by the district court." *Diehl*, 775 F.3d at 724 (internal quotation marks and citation omitted). Reyna has not demonstrated an abuse of discretion with respect to the substantive reasonableness of his sentence.

AFFIRMED.